IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------ :
                                :
                                : CASE NO. 1:11-1240
TAJUAN BRADBERRY                 :
                     Plaintiff : <u>MEMORANDUM OF OPINION AND</u>
                                : <u>ORDER GRANTING DEFENDANTS'</u>
            -vs-                 : <u>MOTIONS TO DISMISS PLAINTIFF'S</u>
                                : <u>PETITION FOR RETURN OF SEIZED</u>
                                : <u>PROPERTY</u>
STATE OF OHIO, *et al.*,          :
                   Defendants. :
------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

      On 27 May 2011 Plaintiff Tajuan Bradberry filed a petition for return of seized

property in the Cuyahoga County Court of Common Pleas.  (Doc. 1).  On 16 June 2011,

Defendant Joseph Harper removed the case to this Court.  (Doc. 1).  Defendants moved

to dismiss Plaintiff's petition.  (Doc. 3, 5).  Plaintiff replied to these motions and

Defendants responded.  (Doc. 4, 6, 7).  For the foregoing reasons, this Court will grant

Defendants' Motions to Dismiss.


**FACTS**

      On 11 May 2011, $20,100.00 were seized from Plaintiff.  On 14 June 2011, the

Drug Enforcement Agency ("DEA") mailed notice to Plaintiff of its intent to forfeit the

seized moneys.  The notice further informed Plaintiff of the procedures for contesting

this forfeiture.  Plaintiff does not dispute that these moneys are in the custody of the

DEA or that he received proper notice of forfeiture and the procedures for contesting

forfeiture.  Plaintiff wants his property returned and has filed a petition in state court to

that effect.  That petition has been removed to this Court.

**ANALYSIS**

**A. *IN REM* JURISDICTION**

As a threshold matter, Plaintiff contends that this Court does not have *in rem*

jurisdiction over the property he would like returned.  To support this proposition, he

cites Penn Gen. Cas. Co. v. Commonwealth of Pennsylvania, 294 U.S. 189 (1935),

which states that a court may not exercise *in rem* jurisdiction over a *res* if another court

is already exercising such jurisdiction over the same *res.*  In the present case,

Bradberry claims that the State of Ohio already exercised *in rem* jurisdiction over the

seized property, and, that therefore, this Court does not have *in rem* jurisdiction over the

property.  Plaintiff's argument, however, is flawed and this Court does have *in rem*

jurisdiction over his property.

Simply because a federal agent in this case seized Plaintiff's property pursuant to

a *state* search warrant does not necessarily mean a state court exercised *in rem*

jurisdiction over his property.   The execution of a state search warrant and seizure of

property does not automatically vest *in rem* jurisdiction over that property in state court.

United States v. Certain Real Prop. 566 Hendrickson Blvd., 986 F.2d 990, 993-94 (6th

Cir. 1993).  In fact, "where the federal court is the only court attempting to exercise *in*

2

*rem* jurisdiction over property and the state never institutes a forfeiture action, the federal court's exercise of jurisdiction is proper." United States v. One Hundred Thirty-Four Thousand Nine Hundred Twenty Dollars in United States Currency, 25 F.3d 1051 (6th Cir. 1994).  In the present case, the state of Ohio never instituted a civil or criminal forfeiture action against the property. Accordingly, the state never had *in rem* jurisdiction over the property, and this Court may exercise proper *in rem* jurisdiction.


**B. PLAINTIFF'S PETITION FOR RETURN OF PROPERTY**

Plaintiff's Petition, by virtue of removal, has become a motion to return property under Fed. R. Crim. P. 41(g).  Indeed, Plaintiff wants this federal court to order the DEA to return his property.  Because this motion was filed prior to a criminal proceeding, it is deemed a civil proceeding invoking this Court's equitable power.   United States v. Search of Music City Mktg.,Inc., 212 F. 3d 920, 923 (6 Cir 2000).  The question remains, however, whether or not this Court's equitable powers are available to Plaintiff.

Before a court exercises its equitable jurisdiction over a motion under Federal Rule of Criminal Procedure 41(g), the movant must show "that he will suffer irreparable harm and that there is no adequate remedy at law." Eight Thousand and Fifty Dollars in United States Currency v. United States, 307 F. Supp. 2d 922, 925 (N.D. Ohio 2004) (citing Search of Music City Mktg., Inc., 212 F.3d 920, 923 (6th Cir. 2000).  The preliminary inquiry in this analysis is whether the movant has established that the legal remedies available to him are inadequate.  Id. at 927 ("Because [the movant] has failed to show that he has an inadequate remedy at law, the Court need not decide whether he has shown irreparable harm.").  In the present case, Bradberry has the specific legal

3

remedy of 18 U.S.C. § 983(a)(2), which sets forth the procedures to be followed by a person claiming property seized in a non judicial civil forfeiture proceeding. This statutory provision has been found not to be inadequate. Indeed, "[a]fter the government initiates forfeiture proceedings and notifies a claimant of the proceedings, a claimant may no longer use Rule 41(e), but instead must submit to the statutory procedures governing civil forfeiture proceedings." See also United States v. One 1974 Learjet 24D, 191 F.3d 668, 673 (6 Cir. 1999). Furthermore, Plaintiff has made no particular showing that this legal remedy available to him is inadequate.

Plaintiff somewhat confusingly objects to the above logic and rationale. He contends that DEA agent Joseph Harper was acting as a private citizen when he executed the search warrant and seized the property in question. He further contends that it is improper for a DEA agent to execute a search warrant issued by a state court. However, these alleged facts do not change the analysis. Plaintiff's property is in the custody of the DEA. Plaintiff's Petition moves this Court, a federal court, to order the DEA to return it. However, this Court cannot exercise its equitable powers because Bradberry has an adequate legal remedy, that of 18 U.S.C. § 983(a)(2). Defendants' Motions to Dismiss will therefore, be granted.

4

**Conclusion**

For the reasons set forth above, this Court grants Defendants' Motion to Dismiss Plaintiff's motion for return of property.

IT IS SO ORDERED.

/s/ Lesley Wells_____
UNITED STATES DISTRICT JUDGE